**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| FRANK SHAMMA, ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:17-CV-223-JEM |
| ) | |
| SEIF EL-SHARIF, ) | |
|     Defendant/Counter-Plaintiff. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff/Counter-Defendant's Motion to Dismiss Seif El-Sharif's Counterclaim and Memorandum in Support Thereof [DE 27], filed on July 5, 2018. Plaintiff/Counter-Defendant Frank Shamma moves to dismiss Defendant/Counter-Plaintiff Seif El-Sharif's counterclaim pursuant to Federal Rule of Procedure 12(b)(6), arguing that it was inadequately pled and that the statement from which the claim apparently arose was privileged. El-Sharif filed a response on August 17, 2018, and Shamma filed a reply on August 29, 2018.

Shamma's original Complaint alleges that El-Sharif, his long-time friend and business associate, paid "hit men" to maim or kill Shamma after their personal and business relationships deteriorated. El-Sharif made a single counterclaim, alleging "intentional and negligent infliction of emotional distress" caused by "false, baseless and outrageous" claims brought by Shamma.

Shamma argues that the counterclaim should be dismissed for failing to meet federal notice pleading requirements. To survive a Rule 12(b)(6) motion to dismiss, the claim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets

omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

El-Sharif's counterclaim contains no facts at all. It states that "false, baseless and outrageous" claims were "contained in Shamma's complaint," and that El-Sharif has suffered distress as a "proximate result." It consists entirely of "labels and conclusions," which are insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

El-Sharif tries to cure his counterclaim in his response to Shamma's motion to dismiss by referencing new facts and attempting to add additional claims under state and federal racketeering ("RICO") laws. As a threshold matter, El-Sharif cannot defend a motion to dismiss by pleading new facts in his response to the motion. "[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir.1989)).

El-Sharif argues that "where a more carefully drafted complaint might state a claim, a party must be given at least one chance to amend" before the claim is dismissed. *In re Weichman*, 422 B.R. 143, 159 (Bankr. N.D. Ind. 2010). However, El-Sharif has not shown that he can support either his existing claim of emotional distress or his proposed RICO claims. El-Sharif now argues that the emotional distress claim is based on the allegation in the Complaint that Shamma knew El-Sharif had been "repeatedly unfaithful to his wife," which Shamma says was a motive for El-Sharif to hurt Shamma. Shamma's allegation is protected by Indiana's litigation privilege doctrine, and could not sustain a claim of intentional infliction of emotional distress. *See Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008) ("Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements."); *Watters v. Dinn*, 666 N.E.2d 433, 438 (Ind. Ct. App. 1996) (holding that relevant statements made in the course of judicial proceedings cannot support a claim for intentional

infliction of emotional distress).

Nor has El-Sharif stated a claim for racketeering under federal or state RICO statutes. El-Sharif states, "on information and belief," that Shamma participated in racketeering and blackmail and provided false information to law enforcement. Civil RICO claims, like all fraud claims, must be pled with particularity, including the "time, place and content of any of the [alleged] misrepresentations." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998); *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992); *see also Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 846-47 (S.D. Ind. 2005) (holding that pleading standards for state RICO claims mirror the federal statute). El-Sharif does not provide any of these details, and even if he had, allegations made "upon information and belief" are insufficient to state a RICO claim. *Uni\*Quality*, 974 F.2d at 924.

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff/Counter-Defendant's Motion to Dismiss Seif El-Sharif's Counterclaim and Memorandum in Support Thereof [DE 27], and **DISMISSES** the Counter-Claim for Intentional and Negligent Infliction of Emotional Distress.

SO ORDERED this 7th day of November, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record