UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANK SHAMMA,<br>    Plaintiff,<br><br>v.<br><br>SEIF EL-SHARIF,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 1:17-CV-223-JEM<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [DE 87], filed on September 29, 2023, and Defendant's Counter Motion for Summary Judgment [DE 93], filed November 20, 2023.

**I.    Background**

On May 19, 2017, Plaintiff Frank Shamma filed a Complaint against Seif El-Sharif, alleging intentional infliction of emotional distress and conspiracy to commit assault, battery, and trespass stemming from a plot to physically attack Shamma. El-Sharif filed a Counterclaim for intentional and negligent infliction of emotional distress. El-Sharif died, and his Estate was substituted as the Defendant/Counter-Plaintiff on February 25, 2020.

On September 29, 2023, Shamma filed a motion seeking partial summary judgment on the issue of liability on all claims. On November 20, 2023, the Estate filed its response, Shamma filed his reply on December 4, 2023. On November 20, 2023, the Estate also filed a cross motion for summary judgment on all claims. Shamma filed his response on December 20, 2023, the Estate did not file a reply, and the time to do so has expired. On December 14, 2023, the Court sought additional briefing on the issue of whether Indiana or Illinois law applied; Shamma chose to stand

on his original motion, the Estate filed its additional brief on January 15, 2024, Shamma filed his reply to that brief on January 26, 2024.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.      Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in

2

favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). The same standard applies when considering cross-motions for summary judgment. *Int'l Bhd. of Elec. Workers, Loc. 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

On cross motions for summary judgment, a court construes, "all inferences in favor of the party against whom the motion under consideration is made." *Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F3.d 615, 621 (7th Cir. 2008). The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III.     Undisputed Material Facts

Shamma worked with El-Sharif at various enterprises owned by El-Sharif. On June 30, 2016, Shamma resigned from his employment with El-Sharif. Plaintiff attaches an affidavit from Andy Andreou to his motion which states that:

- On November 5, 2016, El-Sharif told Andreou that he wished to have Shamma killed.
- Andreou told Shamma and law enforcement this and agreed to wear a wire.
- In mid-November, 2016, El-Sharif told Andreou to use $2,000 he placed on the table as an initial payment for an attack on Shamma and another purported victim.
- El-Sharif pointed out Shamma's personal vehicle and drove to Shamma's residence to point it out.

3

- Shortly thereafter, on a riverboat casino in Northwest Indiana El-Sharif advised Andreou that because Shamma had not yet been killed, El-Sharif had paid another person to carry out the attack.

- El-Sharif was arrested by the F.B.I. upon leaving that meeting.

In December, 2016[1], El-Sharif was charged with the crimes of conspiracy to commit aggravated battery, conspiracy to commit aggravated battery in a public place, and conspiracy to commit aggravated battery against a senior citizen[2]. The criminal charges were dismissed without adjudication. El-Sharif died on September 25, 2019.

### IV.     Analysis

Shamma asserts that El-Sharif's efforts to hire two different people to physically attack him caused him emotional distress, and that those efforts amounted to a conspiracy to assault and batter him, as well as conspiracy to trespass into his residence in order to commit the attack. Shamma points out that El-Sharif was charged with multiple crimes for his role in the conspiracy. Shamma argues that El-Sharif's conduct in planning to have him attacked, and even killed, is egregious enough to establish liability for intentional infliction of emotional distress and is also sufficient to satisfy the elements of the claims for conspiracy to commit assault, battery, and trespass. Shamma is not seeking summary judgment on the issue of damages.

The Estate, in both its cross motion and its response to Shamma's motion, argues that because El-Sharif is deceased, Shamma's affidavit and allegations in the Complaint as to statements made by El-Sharif constitute inadmissible hearsay, and therefore summary judgment

---

1 An amended indictment, in February, 2017, added the aggravated battery against a senior citizen charge.
2 El-Sharif was also charged with conspiracy to commit aggravated battery and to commit aggravated battery against two other individuals not parties to this case.

4

should be entered in favor of the Estate and against Shamma.

A. <u>Choice of Law</u>

The events at issue in this suit occurred in both Illinois and Indiana. Suit was brought in Indiana, by an Illinois citizen against an Indiana citizen. A federal court sitting in diversity jurisdiction applies its own procedural laws but applies the substantive laws of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822 82 L. Ed. 1188 (1938); *First Nat. Bank and Trust Corp. v. American Eurocopter Corp.*, 378 F.3d 682, 689 (7th Cir. 2004). The Court will therefore apply Indiana substantive law. However, "[i]f the laws of more than one jurisdiction arguably are in issue, *Erie* also requires a federal court to apply [the forum] state's choice of law rules." *Jean v. Dugan*, 20 F.3d 255, 260-61 (7th Cir. 1994). Thus, the Court will also apply Indiana's choice of law rules.

In Indiana, the choice-of-law analysis for torts involves multiple inquiries. *Alli v. Eli Lilly & Co.*, 854 N.E.2d 372, 2006 Ind. App. LEXIS 1936, 2006 WL 2684670 (Ind. Ct. App. 2006). Initially, the Court must determine if there is a true conflict; in other words, are there differences between the laws of the states that are "important enough to affect the outcome of the litigation"? *Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004). If there is a conflict between the laws of two states, there is a presumption that the traditional *lex loci delicti* rule applies and the Court will apply the substantive law of "the state where the last event necessary to make an actor liable for the alleged wrong takes place." *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987).

The parties argue that Indiana's choice of law rules in tort cases mandate the application of the substantive law of "the state where the last event necessary to make an actor liable for the

alleged wrong takes place." *Calderon v. Melhiser*, 458 F. Supp. 2d 950, 952 (S.D. Ind. 2006). Neither party argues whether there are differences between Illinois and Indiana law for the relevant causes of action, however. Shamma argues that Illinois law applies because the last act necessary to make the Estate liable was the payment by El-Sharif to Andreou of $2,000 at Club O in Harvey, Illinois. The Estate argues that Indiana law applies because since part of Shamma's claims is that he is in fear based on the fact that he was told that someone has been paid to kill him, the last act necessary to make the Estate potentially liable occurred at a casino in Northwest Indiana when El-Sharif advised Andreou that because Shamma had not yet been killed El-Sharif had paid another person to do the job.

Shamma raised four causes of action: a civil conspiracy to commit assault, a civil conspiracy to commit battery, a civil conspiracy to commit trespass, and intentional infliction of emotional distress.

The elements of a civil conspiracy in Indiana are:

> As a general principle, a civil conspiracy is a combination of two or more persons engaging in a concerted action to accomplish an unlawful purpose, or to accomplish some lawful purpose by unlawful means. The elements of an action for civil conspiracy are an object to be accomplished, a meeting of the minds on the object or course of action, one or more overt acts, and damages proximately caused by those acts.

*Carmichael v. Separators, Inc.*, 148 N.E.3d 1048, 1058-59 (Ind. Ct. App., 2020). The elements of a civil conspiracy in Illinois are:

> the existence of an agreement between two or more persons (2) to participate in an unlawful act or a lawful act in an unlawful manner, (3) that an overt act was performed by one of the parties pursuant to and in furtherance of a common scheme, and (4) an injury caused by the unlawful overt act.

*Lewis v. Lead Indus. Ass'n*, 178 N.E. 3d 1046, 1053-54 (Ill. 2020).

The elements of intentional infliction of emotional distress in Indiana are: "the defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another." *Fox v. Franciscan Alliance, Inc.*, 204 N.E. 3d. 320, 330 (Ind. Ct. App. 2023). The elements of intentional infliction of emotional distress in Illinois are: (1) the defendant's conduct was extreme and outrageous, (2) the defendant either intended that his conduct should inflict severe emotional distress or knew that there was a high probability that his conduct would cause severe emotional distress, and (3) the defendant's conduct in fact caused severe emotional distress. *Doe v. Calumet City*, 161 Ill. 2d 374, 392, 641 N.E.2d 498, 204 Ill. Dec. 274 (1994).

There is no significant difference of the elements of the asserted causes of action between Illinois and Indiana. Because summary judgment is not appropriate, as described below, the Court need not resolve that issue at this time. The parties will need to fully brief this issue before trial, including a fully analysis of all of the relevant factors in the choice of law analysis.

B.   Hearsay

The Estate argues that because the El-Sharif is now deceased, the allegations in the complaint and the statements in Andreou's affidavit constitute inadmissible hearsay, making summary judgment in Shamma's favor improper, and mandating summary judgment in the Estate's favor. Federal Rule of Civil Procedure 56 provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, . . . or other materials." Fed. R. Civ. P. 56(c)(1)(A). Rule 56 further provides that "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be

7

admissible in evidence." Fed. R. Civ. P. 56(c)(2).

The Estate argues that allegations in a complaint are not facts and cannot form the basis for granting summary judgment unless supported by evidence. The Estate also argues that Andreou's affidavit should be stricken because it constitutes inadmissible hearsay, requires credibility determinations, and is incompetent. Shamma argues that the Estate's arguments do not constitute a denial of the material facts, and therefore summary judgment is appropriate.

Hearsay is an out of court statement offered to prove the truth of the matter stated. Fed. R. Evid. 801(c). In general, hearsay is inadmissible. Fed. R. Evid. 802. Andreou's affidavit is offered to prove that El-Sharif told Andreou that he wished to have Shamma killed, told Andreou to use $2,000 he placed on the table as an initial payment for an attack on Shamma and another person, pointed out Shamma's personal vehicle, drove Andreou to Shamma's residence to point it out, and advised Andreou that because Shamma had not yet been killed, El-Sharif had paid another person to carry out the attack.

Federal Rule of Evidence 801(d) lists exceptions to the hearsay rule. Among the exceptions are out-of-court statements offered against a party which are "the party's own statement, in either an individual or a representative capacity or . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2). The Estate argues that because El-Sharif's statements were made out-of-court, Andreou's affidavit cannot be used to prove the truth of El-Sharif's comments or actions. The Estate argues that the statements and actions are not admissible as an exception to the hearsay rule under Federal Rule of Evidence 801(d) because El-Sharif is deceased, the only party defendant is the Estate, and El-Sharif could not be the agent of the Estate because the Estate only came into existence after El-Sharif's death.

Federal Rule of Evidence 804 lists exceptions to the hearsay rule when the declarant is unavailable as a witness. A statement is not hearsay if is one that:

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest…or to expose the declarant to civil or criminal liability; and (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. 804(b)(3).

It is the Estate's position that El-Sharif's statements are not the statements of a party. Shamma does not respond to that argument, and, for purposes of the cross motions for summary judgment, it is waived. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

Andreou's affidavit is also offered to prove that Andreou told Shamma and law enforcement about the initial conversation and that El-Sharif was arrested by the F.B.I. after leaving the last meeting he had with Andreou. Andreou has personal knowledge of his communications with law enforcement, and that statement is not hearsay. The arrest of El-Sharif can be testified to by law enforcement personnel involved in that act, and to the extent Andreou has personal knowledge, by Andreou, or otherwise proved by admissible evidence. The fact of the arrest is not hearsay.

Although many of the material facts asserted by Shamma are repetitive of the allegations of his complaint, and citing to his complaint is not sufficient proof of those facts, many of those facts are not material to the issues before the Court. Only those facts related to the conduct giving rise to the causes of action are material. Allegations as to Shamma's prior employment history,

employment history with El-Sherif, investor activities with El-Sherif, El-Sherif's relationship with Deborah Diaz and or Milan Kesic, Kesic's and Diaz' relationship, Shamma's and El-Sherif's relationship, Andreou's past employment history with El-Sherif, and actions or thought processes of the F.B.I. are not necessarily probative of elements of the purported causes of action, and hence, would not need to be proven to resolve the issues before the Court on a motion for partial summary judgment.

Much of Andreou's affidavit is hearsay, and there is insufficient argument or information provided by Shamma as to why it, or live testimony about those facts, would be admissible as an exception. As such, summary judgment cannot be granted in Shamma's favor. However, although Andreou's affidavit itself may be hearsay, that does not mean that testimony or other evidence may not be adduced at trial to prove the facts asserted therein. Summary judgment in favor of the Estate is therefore not warranted.

## V.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment [DE 87] and **DENIES** Defendant's Counter Motion for Summary Judgment [DE 93].

SO ORDERED this 7th day of February, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record